IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

01 JAN -8 PM 2: 26

**OSCAR DAVIS,**

**Plaintiff,**

vs.

No. CIV

**THE CITY OF ALBUQUERQUE and, CITY OF ALBUQUERQUE POLICE OFFICER TOM SHOLTIS, in his individual capacity,**

**Defendants.**

CIV 01 0027



## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and 1446(a), Defendants the City of Albuquerque and Officer Tom Sholtis (collectively referred to as "City Defendants") give Notice of Removal to this Court of the civil action filed on December 6, 2000, in the Second Judicial District for the State of New Mexico, County of Bernalillo, Cause No. CV 2000-11656, by Plaintiff Oscar Davis, and as grounds therefor state:

1. On December 6, 2000, Plaintiff Oscar Davis filed a Complaint to Recover Damages Resulting From a Deprivation of Civil Rights, Violation of the New Mexico Tort Claims Act, and Personal Injury in the Second Judicial District Court. A copy of the Complaint to Recover Damages Resulting From a Deprivation of Civil Rights, Violation of the New Mexico Tort Claims Act, and Personal Injury is attached hereto as Exhibit A.

2. This Notice of Removal is timely filed within thirty days after receipt by City Defendants.

3. Pursuant to 28 U.S.C. § 1446(d), copies of the Notice of Removal will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico.

4. The claims stated against City Defendants in this case are subject to the jurisdiction of this Court pursuant to 28 U.S.C. 1331 and 1343(a)(3) and (4) as follows:

    a. This Court has original jurisdiction because the Complaint is founded on a claim or right arising under the Constitution, treaties, or laws of the United States.

    b. An actual controversy exists because the Complaint alleges that City Defendants deprived Oscar Davis of his constitutional rights, specifically his First, Fourth and Fourteenth Amendment rights.

5. This Court has federal question jurisdiction. The Plaintiff's right to bring an action for the violation of his constitutional rights was created by federal law, specifically 42 U.S.C. § 1983. A federal question appears on the face of the Complaint. There is an actual controversy.

A copy of all process and pleadings that have been served upon City Defendants is attached to this Notice of Removal.

    Respectfully Submitted,

    CITY OF ALBUQUERQUE
    Robert M. White
    City Attorney

    _/s/ Kathryn Levy_
    Kathryn Levy
    Sue A. Callaway
    Assistant City Attorneys
    Attorney for City Defendants
    P. O. Box 2248
    Albuquerque, New Mexico 87103
    (505) 768-4500

I hereby certify that a true copy
of the foregoing was mailed
to the following counsel of record:

NICHOLS & OLIVER
Carolyn M. Nichols, Esq.
Shannon L. Oliver, Esq.
1122 Central Ave SW
Albuquerque, New Mexico 87102
(505) 224-9499

on this ___8th___ day of January, 2001.

___/s/ Kathryn Lz___
Kathryn Levy
Sue A. Callaway
Assistant City Attorneys

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

ENDORSED
FILED IN MY OFFICE THIS
DEC 0 6 2000

CLERK DISTRICT COURT

OSCAR DAVIS,

    Plaintiff,

vs.

No. CV **CV- 2000 11656**

THE CITY OF ALBUQUERQUE, and, CITY OF
ALBUQUERQUE POLICE OFFICER
TOM SHOLTIS, in his individual capacity.

    Defendants.

## COMPLAINT TO RECOVER DAMAGES RESULTING FROM A DEPRIVATION OF CIVIL RIGHTS, VIOLATION OF THE NEW MEXICO TORT CLAIMS ACT, AND PERSONAL INJURY

Plaintiff brings this Complaint to recover damages for violation of his civil and constitutional rights under 42 U.S.C. Sec. 1983. In support of this Complaint, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in Bernalillo County and in New Mexico pursuant to 42 U.S.C. § 1983 and § 1988 and 28 U.S.C. § 1343. All of the parties reside or do business in Bernalillo County, New Mexico and the acts complained of occurred exclusively within Bernalillo County, New Mexico.

### PARTIES

2. Plaintiff Oscar Davis is an individual and resident of Bernalillo County, New Mexico.



3. Plaintiff Oscar Davis is African-American, a husband and a father, and a student at the University of New Mexico, in Albuquerque, New Mexico.

4. Defendant Police Officer Tom Sholtis is an individual employed with the Albuquerque Police Department in Albuquerque, New Mexico, Bernalillo County.

5. Defendant City of Albuquerque is a municipality within the State of New Mexico and employed the individual defendant as a police officer. It is responsible for the health and security of people arrested by individuals working for the Albuquerque Police Department.

6. Defendant Police Officer Tom Sholtis is sued in his individual capacity only. He was acting under color of state law and within the scope of his employment at all material times.

## FACTUAL BACKGROUND

7. On or about February 5, 1998, during rush hour traffic at approximately 4:30 to 5:00 p.m., Defendant Sholtis stopped Plaintiff's car and told Plaintiff that he believed that Plaintiff had been speeding.

8. Plaintiff had been traveling in his car with the rush hour traffic at a normal rate of speed.

9. During the traffic stop, Defendant Sholtis asked Plaintiff for his license, insurance, and registration. Plaintiff provided the identifying documents to Defendant Sholtis.

10. Defendant Sholtis ran an NCIC background check on Plaintiff.

11. Defendant Sholtis asked Plaintiff if he had an arrest warrant out of the state of New York. Plaintiff stated to Defendant Sholtis, "No," that he did not have an arrest warrant out of the state of New York.

2

12. Defendant Sholtis wrote Plaintiff a traffic ticket for speeding. Plaintiff signed the traffic citation and requested a court date to contest the speeding ticket. Plaintiff drove home.

13. The following evening around 6:30 p.m., Plaintiff was at home, watching a college basketball game with his four year old daughter and wife. Defendant Officer Sholtis knocked on Plaintiff's front door.

14. Plaintiff answered his front door. Defendant Officer Sholtis grabbed Plaintiff's wrist and pulled Plaintiff across the threshold of the door way of his home. Defendant Sholtis told Plaintiff that he wanted to take him to jail to be fingerprinted.

15. Plaintiff's wife objected. Defendant Officer Sholtis showed Plaintiff's wife a photocopy of a picture of an African-American man that looked nothing like Plaintiff. Defendant Sholtis told Plaintiff's wife that Plaintiff was going to be taken to jail to determine if Plaintiff was the same person as the man in the photograph. Plaintiff's wife again objected that her husband looked nothing like the man in the photograph.

16. The only thing that the man in the photograph and Plaintiff had in common was that they were both African-American.

17. Defendant Sholtis hand-cuffed Plaintiff and placed him in his patrol car. There were other Albuquerque Police Officers on the scene standing around when Plaintiff was arrested.

18. Due to Defendant Sholtis' aggressive and irrational demeanor, Plaintiff feared that he was going to be taken out to the mesa and shot.

19. Defendant Officer Sholtis transported Plaintiff to the Bernalillo County Detention Center in hand-cuffs where Plaintiff was finger-printed and eventually released.

3

20. On or about March 27, 1998, Plaintiff went to Metropolitan Court to contest the speeding ticket. The speeding ticket was deferred by a Metropolitan Court Judge until June 27, 1998.

## COUNT I.
## SEIZURE AND ARREST
## WITHOUT PROBABLE CAUSE

21. Plaintiff restates each of the preceding allegations as if fully stated herein.

22. Plaintiff has, and had, a Fourth Amendment right to be free of unreasonable searches and seizures.

23. Defendant Sholtis deprived plaintiff of this right by detaining plaintiff and charging him with a traffic ticket without probable cause.

24. Defendant Sholtis deprived plaintiff of this right by reaching across the threshold of Plaintiff's home and pulling him from the privacy of his home and by then placing Plaintiff in hand-cuffs and in his patrol vehicle.

25. Defendant Sholtis further deprived plaintiff of this right by arresting Plaintiff and transporting him to the Bernalillo County Detention Center, fingerprinting Plaintiff, and detaining Plaintiff in custody for hours.

26. The actions of the individual defendant officer proximately caused damages to plaintiff. Defendant's actions were intentional, willful, and wanton, as he knew that he did not have reasonable suspicion to detain plaintiff, nor probable cause to arrest plaintiff.

## COUNT II: MUNICIPAL LIABILITY VS. THE CITY OF ALBUQUERQUE

27. Plaintiff restates each of the preceding allegations as if fully stated herein.

28. Defendant, City of Albuquerque police officer Tom Sholtis, deprived plaintiff of a clear constitutional right.

29. The activities of Defendant and the approval of the other Albuquerque police officers is attributable to one of two possibilities: either the City of Albuquerque has a policy of ignoring the Fourth, First, and Fourteenth Amendment rights of the citizens of the City of Albuquerque or the City fails to train its officers in the protection of citizen's constitutional rights.

30. The City of Albuquerque's policy of denying individuals their constitutional rights' to be free from unreasonable search and seizure evidences deliberate indifference to the constitutional rights of the citizens of Albuquerque, New Mexico. The protection of constitutional rights is so integral to police work that a policy to violate those rights or failure to adequately train in the protection of those rights is deliberately indifferent.

31. The City of Albuquerque's policy or its failure to train was a moving force in the deprivation of plaintiff's rights. The City's policy or its failure to train proximately caused injury to plaintiff.

**WHEREFORE**, Plaintiff prays for judgment as follows:

## REQUEST FOR RELIEF

1. Compensatory damages in as yet undetermined amount jointly and severally against all Defendants, including damages for physical injury, embarrassment, humiliation, and, emotional harm;

2. Punitive damages in as yet undetermined amount severally against the individually named Defendant on the federal claims.

3. Reasonable costs and attorneys' fees incurred in bringing this action; and

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

NICHOLS & OLIVER
CAROLYN M. NICHOLS
SHANNON L. OLIVER
Attorneys for Plaintiff
1122 Central Avenue SW
Albuquerque, New Mexico 87102
(505) 224-9499

6

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

No. CV 2000-11656

OSCAR DAVIS,

    Plaintiff,

vs.

THE CITY OF ALBUQUERQUE and, CITY OF
ALBUQUERQUE POLICE OFFICER
TOM SHOLTIS, in his individual capacity,

    Defendants.



## ENTRY OF APPEARANCE

Assistant City Attorneys Kathryn Levy and Sue A. Callaway, hereby enter their appearance in the above-entitled and numbered cause of action on behalf of the Defendants City of Albuquerque and Tom Sholtis.

    Respectfully Submitted,

    CITY OF ALBUQUERQUE
    Robert M. White
    City Attorney

    Kathryn Levy
    Sue A. Callaway
    Assistant City Attorneys
    Attorney for City Defendants
    P. O. Box 2248
    Albuquerque, New Mexico  87103
    (505) 768-4500



I hereby certify that a true copy
of the foregoing was mailed
to the following counsel of record:

NICHOLS & OLIVER
Carolyn M. Nichols, Esq.
Shannon L. Oliver, Esq.
1122 Central Ave SW
Albuquerque, New Mexico 87102
(505) 224-9499

on this 14th day of December, 2000.

Kathryn Levy
Sue A. Callaway
Assistant City Attorneys